# MASON TENDERS DISTRICT COUNCIL WELFARE FUND, PENSION FUND, ANNUITY FUND TRAINING FUND, et al.
## - against -
## A.G.I. INC. and JAMES VITTA

## 03 Civ. 1238 (RLC)

### ENDORSEMENT

Plaintiffs Mason Tenders District Council of Welfare Fund, Pension Fund, Annuity Fund, Training Fund ("Funds"), New York State Laborers-Employers Cooperation and Education Trust Fund ("LECET"), New York Laborers' Health and Safety Trust Fund ("NYLHST"), Building Contractors Association Industry Advancement Program ("IAP"), John J. Virga ("Virga"), in his fiduciary capacity as Director, Anthony Silveri ("Silveri"), as Business Manager and Mason Tenders District Council of Greater New York and Long Island have instituted this action against defendants A.G.I. ("AGI") and James Vitta ("Vitta") for failure to adhere to the terms of the collective bargaining agreement ("Agreement"). Under the Agreement, defendant AGI is required to make various monetary contributions to the plaintiff funds, and allow plaintiffs to audit their financial records.

Plaintiffs seek the following: a court order requiring defendants to permit plaintiffs to audit AGI's financial records; payment of all contributions due and owing; payment of all accrued prejudgment interest on all unpaid contributions; reasonable attorney fees and costs; a contractual penalty of $400 for failure to permit an audit; an order requiring defendants to post a bond in the amount of $6,000; and an order permanently enjoining defendants from failing to make the required contributions.

Defendants failed to answer the summons and complaint filed on February 25, 2003. Plaintiffs moved for default judgment and on August 6, 2003, the court referred the matter to Magistrate Judge Kevin Nathaniel Fox for an inquest. Pursuant to the Magistrate Judge's instructions, plaintiffs made submissions validating their claims. On April 29, 2005, Magistrate Judge Fox submitted his Report and Recommendation ("R&R"). In his R&R, Judge Fox found that Vitta should not be held personally liable for any violations to the Agreement. He also recommends that AGI be ordered to permit an audit; plaintiffs be awarded $400 for liquidated damages; are entitled to $2,620 in attorneys fees and costs; and that AGI be ordered to post a bond of $6,000 as agreed upon in the Agreement. As of the date of this endorsement, no objections to the report and recommendation have been filed.

Accordingly, the R&R is adopted as the opinion and judgment of the court. For substantially the same reasons cited in the R&R, it is the judgment of the court that AGI is ordered: to permit and cooperate in an audit of AGI's books and records for the period May 16, 2000 to the present; to post a bond of $6,000 to insure payment of any outstanding contributions due and owing to plaintiff funds

pursuant to audit of AGI's books and records; and to pay plaintiffs $3030 in liquidated damages and attorneys fees. Within 30 days of the completion of an audit, plaintiffs are allowed to petition the court to amend the judgment to reflect any additional damage award and prejudgment interest the audit may uncover.

**IT IS SO ORDERED.**

DATED: New York, New York
June 8, 2005

_____
ROBERT L. CARTER
U.S.D.J.

COPIES MAILED